REDMANN, Judge.
Plaintiff appeals from a judgment dismissing his suit on a promissory note for $425.00.
Plaintiff testified the note was given by defendant for a course in beauty culture training at the International Hair Design Institute, owned and operated by plaintiff.
While there are other questionable circumstances present, we believe this appeal is disposed of by the uncontradicted evidence of the failure of plaintiff to maintain school records required to qualify defendant to take the State Board of Cosmetology certificate examination. The whole purpose of vocational training is to become able to work in that vocation, and to do so defendant would have to obtain a state license or certificate, R.S. 37:500. Defendant can never be licensed because, according to testimony (reproduced as an appendix) of a member of the Board, plaintiff was unable to produce the “sign in, sign out” student attendance books required by the Board (presumably under its rule-making power, R.S. 37:498) to verify completion of the required course of study. The Board member testified defendant *270 could not be allowed to take the examination for the required certificate.
Thus, even assuming all other disputed questions could be resolved in plaintiff’s favor, we believe that plaintiff’s failure to keep records, which he knew were required for defendant to accomplish the purpose of the course the note was given for, constitutes a complete failure of consideration and a complete defense to the suit on the note. R.S. 7:28.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.
APPENDIX
BY MR. PRENDERGAST [then defendant’s counsel] :
Q Would you state your name, please?
A Joel Alice Mumphrey.
Q What is your occupation?
A I am district board member for the Louisiana State Board of Cosmetology.
Q In this capacity, what are your functions, what are you charged with doing ?
A I am charged with the licensing of new salons, schools, giving examinations, and arbitrating between beauticians, school owners, students, this type of thing.
Q Are you familiar with the International Hair Design Institute run by Mr. Jack Sciortino ?
A Yes.
Q What has been your experience with this institution?
MR. FASTERLING:
I object. This line of questioning has no bearing for which the purpose of the note was given.
THE COURT:
Objection overruled. This is the evidence that I have been suggesting that you bring in. This is solid evidence.
MR. PRENDERGAST:
Will you answer the question, please ?
THE WITNESS:
Would you restate the question, please, sir?
(REPORTER READS QUESTION BACK)
THE WITNESS:
My experience with the International Hair Design is practically the same with all schools with the exception we have numerous cases of this type that constantly keeps us working with the students who say hours were sent in that she never went to school, and these type of notes come up. The board is not a collection agency. We cannot in any way enter into something like that. But we do attempt to help either the school, in the case where a student will not pay their tuition, or the student where the school has sent in fraudulent hours on a particular student.
BY MR. PRENDERGAST:
Q Do you know what the case is in this particular case with Mrs. Leach?
A Sir, if you’re asking me how I became aware of the case; Mrs. Leach contacted me one day after this case was filed, and told me about the case and so on and so forth. I was not aware of it until I could check the office on a Monday morning. And at this time Mrs. Leach stated she had approximately 600 hours in beauty school, and on a Monday morning I told her that she had 1,779 hours in beauty school, and that on November 22, 1965 the Louisiana State Board of Cosmetology *271 sent to Mrs. Leach at 4419 Baronne Street[1] a notice that she must clear immediately for her State Board examination. A copy of this letter also went to the International Hair Design School.
Q Did you check with the International Hair Design School to see whether or not she had in fact gone to school for 1779 hours?
A I went to the International Hair Design School and requested — the board requires that they keep a sign in/sign out book so that we know that the hours that are being sent in to the board are true hours. I requested the sign in/sign out book relative to the time that Mrs. Leach was in the beauty school to see whether she did or did not put these hours in school. And the board has constantly been on Mr. Sciortino for losing these books. And as we have known before, there were no books there for me to verify whether or not the student signed in or signed out. We cannot, on the strength of a letter written to this board, give Mrs. Leach her test to be a cosmetician, and because she has not put in her 1,500 hours as required by law.
* * * * * *
[On cross-examination]
Q Well, the board notified her that she had the required number of hours to take her examination, is that correct?
A Yes.
Q And your records indicate that she had those hours?
A Mr. Sciortino got a notice of this as well as myself because they sent one to my home. Because I do not work in the office. I work out in the field. He did not attempt to clear the student as requested by the board in order that she could take her test. [Emphasis added.]
THE COURT:
And have you found other cases like that ?
THE WITNESS:
Yes.

. We note that plaintiff’s 1968 record shows defendant’s residence as 2113 Desire street since October 1967 and 4126 Carondelet street for the previous five years or since October 1962; defendant started school in 1963. There is no testimony concerning the Baronne street address.